**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WINFRED NICHOLSON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE ATLANTIC GROUP, INC.,**<br><br>**Defendant.** | Civil Action No. 21-14666 (ES) (ESK)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Plaintiff, Winfred Nicholson, proceeding *pro se*, brings this action against Defendant, the Atlantic Group, Inc., in connection with Defendant's compliance with certain tax obligations as Plaintiff's employer. (D.E. No. 1 ("Complaint" or "Compl.")). Before the Court are the following: (i) Plaintiff's motion to recuse the Undersigned and the Honorable Judge Edward Kiel, U.S.M.J. (D.E. No. 44 ("MTR Mov. Br."))[1] and (ii) Defendant's motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), which includes a motion for sanctions under Rule 11 (D.E. Nos. 34 & 34-1 ("MTD Mov. Br.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion to recuse is **DENIED**. Defendant's motion for Rule 11 sanctions is **DENIED**. Defendant's motion to dismiss is otherwise **GRANTED**, and the Complaint is **DISMISSED** *with prejudice*.

---

[1] Pin cites to Docket Entry number 44 refer to the pagination automatically generated by the Court's electronic filing system.

1

**I.      BACKGROUND**

   **A.      Factual Background**

While the Complaint is difficult to understand, the Court construes the following allegations. Plaintiff alleges that he resides in Virginia, and Defendant has a place of business in Pennsylvania. (Compl. at 2). He generally alleges that Defendant wrongfully surrendered his wages to the Internal Revenue Service ("IRS") in compliance with an IRS levy because, according to Plaintiff, he is not required to pay federal income taxes.

Specifically, Plaintiff alleges that, on June 29, 2016, he provided Defendant with a "Statement of Citizenship & Letter of Transmittal" notice in lieu of a W-4 form in connection with his employment by Defendant. (*Id.* at 4). After Defendant informed Plaintiff that submitting a W-4 form was a condition of his employment, Plaintiff submitted a W-4 form "[u]nder coercion." (*Id.*). On November 2, 2016, the IRS "disregarded" Plaintiff's "W-4 form as a condition for employment," "plac[ed] the Plaintiff in conflict with Federal statutes," and sent Plaintiff a "'lock-in-[l]etter' for withholding and [l]evies." (*Id.*). On March 3, 2017, the Commonwealth of Virginia "also disregarded the Plaintiff's 'exemption certificates'" and issued a "Notice of Tax Lien" to Defendant. (*Id.* at 4–5). On March 9, 2018, the IRS issued a "Notice of Levy," without a court order, instructing Defendant to garnish his wages. (*Id.* at 5). Defendants subsequently surrendered Plaintiff's wages to the IRS in compliance with the levy. (*Id.*). Plaintiff alleges that the notice of levy was fraudulent based on a "Certificate of Release of Federal Tax Lien" that he received on February 22, 2009. (*Id.*).

Based on the foregoing, Plaintiff alleges that Defendant violated the Internal Revenue Code and related regulations. (*Id.* at 6–7). Plaintiff seeks a return of the amounts levied from 2016 to

2018 in the amount of $75,279.60, punitive damages in the amount of $2,500,000, and legal fees and costs. (*Id.* at 8–9).

### B.  Procedural History

Plaintiff initiated this action on August 5, 2021. (*See generally* Compl.). On October 15, 2021, Plaintiff filed a request for entry of default and a motion for default judgment. (D.E. Nos. 4 & 5). Attached to his motion for default judgment was his alleged proof of service. (D.E. No. 5-1). That day, the Clerk of the Court entered default. On October 18, 2021, Plaintiff's motion for default judgment was administratively terminated without prejudice under Rule 55(a) because it was submitted prior to the Clerk's entry of default. (D.E. No. 6). On November 12, 2021, Plaintiff filed a motion for default judgment (D.E. No. 11), and on November 22, 2021, Defendant filed a cross motion to vacate default. (D.E. No. 12). On June 1, 2022, the Court granted Defendant's cross motion to vacate default based on improper service and denied Plaintiff's motion for default judgment as moot. (D.E. No. 18).

On June 14, 2022, Plaintiff appealed the Court's June 1, 2022 Order to the Third Circuit. (D.E. No. 19). On July 6, 2022, Defendant filed a motion to dismiss the Complaint, which was administratively terminated in light of Plaintiff's pending appeal. (D.E. Nos. 26 & 27). On September 26, 2022, the Third Circuit dismissed Plaintiff's appeal for lack of jurisdiction because the Court's June 1, 2022 Order was not a final, appealable order. (D.E. No. 31).

Following resolution of the appeal, on October 7, 2022, Defendant filed the instant renewed motion to dismiss the Complaint, which has been fully briefed. (*See generally* MTD Mov. Br.; D.E. No. 36 ("MTD Opp. Br."); D.E. No. 39 ("Reply")). Defendant argues that the Complaint should be dismissed because it was obligated to comply with the IRS notice of levy, and since it did comply, it is statutorily discharged from any obligation or liability to Plaintiff. (MTD Mov.

3

Br. at 7–10). Plaintiff's opposition brief makes numerous arguments and contains several references to various regulations and provisions of the tax code, but the gravamen of Plaintiff's argument appears to be that Defendant's surrender of his wages to the IRS was wrongful because he is not obligated to pay federal income taxes. (*See generally* MTD Opp. Br.).

During the pendency of Defendant's instant motion to dismiss, on October 20, 2022, Plaintiff filed a motion for summary judgment without seeking leave of the Court, which the Court dismissed without prejudice on October 25, 2022, for noncompliance with multiple rules. (D.E. Nos. 37 & 38). On November 4, 2022, Plaintiff sought leave to file a motion for summary judgment, which the Court denied without prejudice, advising Plaintiff of his ability to renew the request after Defendant's motion to dismiss has been decided, if appropriate. (D.E. Nos. 40 & 43).

On April 20, 2023, Plaintiff filed a motion to recuse the Undersigned and the Honorable Judge Edward Kiel, U.S.M.J., attaching a supporting affidavit. (*See generally* MTR Mov. Br.). On April 28, 2023, Defendant filed an opposition to Plaintiff's motion to recuse. (D.E. No. 45 ("MTR Opp. Br.")).

## II.     LEGAL STANDARD

### A.      Motion to Recuse

"The decision of whether to recuse lies within the discretion of the trial judge." *Thompson v. Eva's Village & Sheltering Program*, No. 04-2548, 2005 WL 2474930, at *1 (D.N.J. Oct. 5, 2005) (citing *United States v. Wilensky,* 757 F.2d 594, 599–600 (3d Cir. 1985)). There are two federal statutes that address the circumstances under which a federal judge should recuse. "First, 28 U.S.C. § 144, applicable to federal district court judges, provides that a judge should recuse if the party seeking recusal submits a 'timely and sufficient affidavit' illustrating that the judge has a personal bias or prejudice towards a party." *Id.* (quoting 28 U.S.C. § 144). Second, Section 455

of the same title is more broadly applicable to all justices, judges, and magistrates of the Unites States. *See* 28 U.S.C. § 455. Specifically, recusal under Section 455(b)(1) "provides that a judge should recuse if the judge has a personal bias or prejudice towards a party." *Thompson*, 2005 WL 2474930, at *1 (citing 28 U.S.C. § 455(b)(1)). Recusal under Section 455(a) is appropriate when "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 329 (3d Cir. 2015) (quoting *United States v. Bergrin*, 682 F.3d 261, 282 (3d Cir. 2012)). Thus, "there are two reasons for granting a motion for recusal: [i] the judge has a personal bias or prejudice towards a party; or [ii] the judge's impartiality might reasonably be questioned." *Thompson*, 2005 WL 2474930, at *1 (internal citations omitted).

"The mere filing of an affidavit of bias pursuant to 28 U.S.C. § 144 does not require a trial judge to disqualify [her]self from a particular case." *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976). "Indeed, if the affidavit submitted is legally insufficient to compel [her] disqualification," it is the judge's duty to preside. *Id*. A "substantial burden is imposed on the party . . . to demonstrate that the judge is not impartial." *Frolow v. Wilson Sporting Goods Co.*, No. 05-04813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011) (quoting *Sharp v. Johnson*, No. 00-2156, 2007 WL 3034024, at *1 (W.D. Pa. Oct. 15, 2007)). A movant must meet the following requirements: "[i] the facts must be material and stated with particularity; [ii] the facts must be such that, if true[,] they would convince a reasonable man that a bias exists"; and "[iii] the facts must show the bias is personal, as opposed to judicial, in nature." *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973). "The court must accept all facts alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation or surmises." *Obado v. United States*, No. 17-1943, 2021 WL 493263, at *1 (D.N.J. Feb. 9, 2021). Accordingly, "a trial

5

judge need only recuse [her]self if [s]he determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable [person] that [she] harbored a personal, as opposed to a judicial, bias against the movant." *Dansker*, 537 F.2d at 53.

As to both Sections 144 and 455, "[i]f a party claims that a judge should recuse because of personal bias, prejudice, or lack of impartiality toward that party, he generally must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal." *Thompson*, 2005 WL 2474930, at *2 (citing *Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978)); *see also United States v. Sciarra*, 851 F.2d 621, 635 (3d Cir. 1988). Extrajudicial bias is "not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980). Without extrajudicial bias, "a party seeking recusal must show that a judge has a 'deep-seated and unequivocal antagonism that would render fair judgment impossible.'" *Thompson*, 2005 WL 2474930, at *2 (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)).

**B.     Motion to Dismiss**

In assessing whether a complaint states a cause of action sufficient to survive dismissal under Rule 12(b)(6), the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *Id.* at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v.*

*Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court will be forgiving of complaints filed *pro se* and construe their allegations liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

## II.     DISCUSSION

### A.     Plaintiff's Motion to Recuse

While Plaintiff's motion to recuse is somewhat difficult to follow, it appears that Plaintiff essentially takes issue with (i) the Court's June 1, 2022 Order vacating default judgment in Defendant's favor, (ii) the Court's October 25, 2022 Order dismissing Plaintiff's summary judgment motion, and (iii) that "[t]he judges failed to identify for the Plaintiff a Constitutionally valid jurisdiction under which this case is being tried." (*See* MTR Mov. Br. at 1, ¶¶ 3–6). Plaintiff attached a supporting affidavit that appears to assert that the Court does not have jurisdiction over Plaintiff because he identifies as a sovereign citizen. (*Id.* at 4, ¶¶ 2, 4 & 6 ("The authority of the Court to make an order must be found in the statute. . . . Statutes do not necessarily apply to a sovereign. . . . [If] [a] judge does not have subject matter jurisdiction, then the law states that the judge is a trespasser, and in violation of the law.")).

As Defendant argues (MTR Opp. Br. at 2), Plaintiff fails to demonstrate that either the Undersigned or Judge Kiel lack impartiality, have a personal bias or prejudice against him derived from extrajudicial sources, or harbor a deep-seated antagonism that renders fair judgment impossible. Plaintiff merely asserts that "[t]he judges were illegally practicing law from the bench by defrauding Plaintiff out of his right to judgment, by allowing the Defendant's motion to vacate [de]fault judgment" and that the Court has "acted with prejudice." (MTR Mov. Br. at 1, ¶¶ 4–5). "Such conclusory allegations are not a proper basis for recusal" under either Section 144 or Section

7

455. *See United States v. Balice*, No. 14-3937, 2018 WL 2357750, at *5 (D.N.J. May 23, 2018). Rather than demonstrating impartiality, bias, favoritism, or antagonism, Plaintiff appears to demonstrate disagreement with the Court's decisions. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are instead "proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. Plaintiff's disagreement with an adverse ruling does not provide a basis upon which to reasonably question the Court's impartiality. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Thus, "where, as here, a litigant is simply dissatisfied with the District Court's legal rulings," neither Section 144 nor Section 455 provide a basis for recusal. *See Hairston v. Miller*, 646 F. App'x 184, 188 (3d Cir. 2016).

To the extent that Plaintiff asserts the Court lacks jurisdiction over him because he identifies as a sovereign citizen—which would seemingly apply to any judge—such an assertion is unsupported by the law and does not warrant recusal. "'[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement' has been rejected by courts throughout the country as legally frivolous." *In re Johnson*, No. 22-5258, 2023 WL 1784747, at *2 (E.D. Pa. Feb. 6, 2023) (quoting *United States v. Wunder*, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019)).

Accordingly, Plaintiff's motion to recuse is **DENIED**.

### B. Defendant's Motion to Dismiss

In moving to dismiss, Defendant argues that Plaintiff fails to state a claim upon which relief may be granted because it is statutorily shielded from liability for complying with an IRS levy. Specifically, Defendant argues that it had a mandatory obligation to comply with the IRS levy under Section 6332(a) of the Internal Revenue Code, which authorizes the IRS to demand that any

third party in possession of levied property surrender the property or incur personal liability and penalties. (MTD Mov. Br. at 7–8 (citing 26 U.S.C. § 6332(a))). Once it complied with that obligation, Defendant argues that Section 6332(e) completely shielded it from liability to Plaintiff. (*Id.* at 8 (citing 26 U.S.C. § 6332(e))). Plaintiff responds to Defendant's motion by making several convoluted arguments, essentially arguing that he is not required to pay federal income taxes because, although he alleges that he resides in Virginia (Compl. at 2), he is not a United States citizen, but rather a "nonresident Alien Individual and American National whom has expatriated from the tax scheme." (MTD Opp. Br. at 5). As set forth below, the law supports Defendant's position.

Section 6331 of the Internal Revenue Code authorizes the IRS to levy upon the accrued salary or wages of a delinquent taxpayer. *See* 26 U.S.C. § 6331(a). Section 6332(e) shields a third party from liability to the delinquent taxpayer for honoring any such levy:

> **(e) Effect of honoring levy.**
>
> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) *shall be discharged from any obligation or liability to the delinquent taxpayer* and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e) (emphasis added).

The regulations and statutory provisions Plaintiff cites do not provide a basis to state a claim against Defendant. To begin, Plaintiff cites Section 301.6332-1 of the Code of Federal Regulations. (MTD Opp. Br. at 13 (citing 26 C.F.R. § 301.6332-1(c)(2))). That section carves out an exception to the liability shield where someone wrongfully surrenders property in which the delinquent taxpayer did *not* have an interest:

9

> **(2) Exception for certain incorrectly surrendered property.**
> Any person who surrenders to the Internal Revenue Service property or rights to property not properly subject to levy *in which the delinquent taxpayer has no apparent interest* is not relieved of liability to a third party who has an interest in the property.

26 C.F.R. § 301.6332-1(c)(2). As such, the text of Section 301.6332-1(c)(2) makes clear that the regulation cannot apply to Plaintiff because he has an interest in the property that was surrendered to the IRS—namely, his wages. Indeed, Plaintiff filed the instant action against Defendant seeking the "recovery" of the funds surrendered to the IRS by Defendant. (Compl. at 9). And, even if Plaintiff could state a claim under the regulation, Section 301.6332-1(c)(3) makes clear that recovery must be sought from the IRS, not Defendant. *See* 26 C.F.R. § 301.6332-1(c)(3) ("third parties who have an interest in property surrendered in response to a levy may secure [relief] *from the Internal Revenue Service* . . . .) (emphasis added).

Plaintiff also cites Section 7426 of the Internal Revenue Code, which is entitled "Civil actions by persons other than taxpayers." (MTD Opp. Br. at 13–14 (citing 26 U.S.C. § 7426)). Section 7426 provides in relevant part that individual property owners *other than the delinquent taxpayer* may bring a civil action *against the United States*:

> **(a)(1) Wrongful levy.**
>
> If a levy has been made on property or property has been sold pursuant to a levy, any person (*other than the person against whom is assessed the tax out of which such levy arose*) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action *against the United States* in a district court of the United States.

26 U.S.C. § 7426(a)(1) (emphases added). Therefore, Section 7426 does not provide a basis for Plaintiff to state a claim against Defendant.[2]

---

[2] Plaintiff's opposition cites additional regulations, including Section 301.6013-6, which deals with joint returns of income tax by husband and wife, and Section 1.1441-5, pertaining to withholding on payments to partnerships, trusts, and estates. (MTD Opp. Br. at 4 (citing 26 C.F.R. § 301.6013-6 and 26 C.F.R. § 1.1441-5)).

In sum, consistent with Defendant's position, after it complied with its obligation to surrender Plaintiff's property to the IRS, it was shielded from liability to Plaintiff under Section 6332(e) of the Internal Revenue Code. Plaintiff's allegations cannot overcome the liability shield Section 6332(e) provides to Defendant. To the extent that Plaintiff contests the underlying validity of the tax assessment, the Third Circuit has "roundly rejected" such arguments "as frivolous tax protester rhetoric." *Lanier v. Wachovia Bank*, 391 F. App'x 125, 126 (3d Cir. 2010). And "[e]ven if the levy is determined to be invalid, the custodian is still immune from liability from suits arising from the levy." *Warren v. Masco Contractor*, No. 02-5808, 2003 WL 21805943, at *3 (D.N.J. July 15, 2003). To the extent that Plaintiff challenges the levy because it was not accompanied by a court order, no court order is necessary. *See United States v. Baggot*, 463 U.S. 476, 481 (1983) ("The IRS need never go into court to assess and collect the amount owed; it is empowered to collect the tax by non-judicial means (such as levy on property or salary, 26 U.S.C. §§ 6331, 6332), without having to prove to a court the validity of the underlying tax liability."); *see also United States v. Beeman*, 388 Fed. App'x 82, 83–84 (3d Cir. 2010) (noting same). It is clear that Plaintiff's Complaint is, essentially, yet another attack on his obligation to pay federal income taxes.[3]

---

These regulations have no application to the allegations that Defendant wrongfully surrendered Plaintiff's income in compliance with the IRS levy—rather, Plaintiff appears to cite these regulations in an attempt to support his larger contention that he is not subject to federal income taxes.

[3] Plaintiff has filed numerous cases in other courts regarding his obligation to pay federal income taxes. *See, e.g.*, *Nicholson v. UNIFY Fin. Credit Union*, No. 20-1333, 2021 WL 4318151, at *3 (E.D. Va. Sept. 23, 2021), *aff'd*, No. 21-2095, 2022 WL 595139 (4th Cir. Feb. 28, 2022) (dismissing with prejudice Plaintiff's federal tax exemption claims); *Nicholson v. Daniels*, 405 F. App'x 801 (4th Cir. 2010) (affirming dismissal of Plaintiff's challenge to validity of federal income tax statutes and IRS levies on his income taxes); *Nicholson v. United States*, 230 F.3d 1353 (4th Cir. 2000) (affirming dismissal of Plaintiff's complaints seeking refund of estimated tax payments); *Nicholson v. Cnty. of Loudoun, Virginia*, 188 F.3d 502 (4th Cir. 1999) (affirming dismissal of Plaintiff's civil rights claims on the basis of assessment of personal property taxes). In 2017, Plaintiff was even enjoined from filing any new claims in the Eastern District of Virginia for two years. *UNIFY Fin. Credit Union*, 2021 WL 4318151, at *3 n.3.

Because the Complaint fails to state any claim upon which Plaintiff could plausibly be entitled to relief, the Court finds that this case should be dismissed.[4]

Defendant also argues that the Court should dismiss this case with prejudice and without leave to amend. (MTD Mov. Br. at 10–11). Generally, a court should not dismiss a complaint with prejudice without having first provided the plaintiff leave to amend. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). However, a court need not provide leave to amend where such amendment would be "futile." *Id.* Here, "any amendment would be futile because no amendment of the claims and allegations that Defendant should be liable for surrendering Plaintiff's [income] to the IRS could be meritorious." *See UNIFY Financial Credit Union*, 2021 WL 4318151, at *3 (dismissing with prejudice Plaintiff's complaint based on purported exemption from tax obligations); *Nicholson v. UNIFY Fin. Credit Union*, No. 21-2095, 2022 WL 595139 (4th Cir. Feb. 28, 2022) (affirming same); *see also Lanier v. Wachovia Bank*, No. 09-4566, 2010 WL 1141267, at *1 (E.D. Pa. Mar. 24, 2010) (dismissing with prejudice the plaintiff's claims against the defendant for complying with IRS levy because the defendant was shielded under Section 6332(e)); *Ulloa v. United States*, No. 06-751, 2007 WL 2764792, at *4 (N.D.N.Y. Sept. 20, 2007) (same); *Schulze v. Legg Mason Wood Walker, Inc.*, 865 F. Supp. 277, 285–86 (W.D. Pa. 1994) (same). The Court therefore finds that this case should be dismissed *with prejudice* and without leave to amend.

Finally, Defendant requests Rule 11 sanctions. (MTD Mov. Br. at 11–13). Defendant's request for Rule 11 sanctions is denied. "Although a *pro se* plaintiff is not shielded from Rule 11 sanctions, 'in considering whether to impose Rule 11 sanctions, a court may take into account a *pro se* plaintiff's status as someone who is untutored in the law.'" *Wong v. Bank of New York*, No.

---

[4] Because the Court dismisses the Complaint on this basis, the Court does not reach Defendant's argument regarding insufficient service of process. (*See* MTD Mov. Br. at 11).

12

14-5212, 2016 WL 1597309, at *3 (D.N.J. Apr. 21, 2016) (quoting *Lai v. Dist. V-C Ethics Comm.*, No. 06-2661, 2006 WL 3677933, at *4 (D.N.J. Dec. 11, 2006)). "Moreover, the Court of Appeals for the Third Circuit has repeatedly advised that [R]ule 11 sanctions are to be imposed only under exceptional circumstances." *Id.* (quoting *Briehler v. Am. Cont'l Prop. of New Jersey, Inc.*, No. 89-4761, 1991 WL 117801, at *6 (D.N.J. June 13, 1991)). In the instant matter, the Court does not find that the filing of Plaintiff's Complaint warrants the imposition of sanctions against this *pro se* Plaintiff at this time. As such, the Court declines to exercise its discretion to do so.

Nonetheless, it seems clear to the Court that Plaintiff is recycling his complaints in different courts against different defendants in an attempt to shepherd through his claim that he is exempt from federal tax obligations. In response to such abuse of judicial process, it is "well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints . . . raise concern for maintaining order in the court's dockets." *Marrakush Soc. v. N.J. State Police*, No. 09-2518, 2009 WL 2366132, at *36 (D.N.J. July 30, 2009). The Court, therefore, strongly urges Plaintiff to take his litigation in this District (and in all other courts) with utmost seriousness. While the Court stands ready to address Plaintiff's bona fide claims, and to grant relief if warranted, the Court will not tolerate frivolous litigation that wastes judicial resources. The Court expressly warns Plaintiff that any future abuse of legal process might trigger sanctions, including an imposition of limitations on Plaintiff's ability to initiate such legal actions in the future.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion to recuse is **DENIED**. Defendant's motion for Rule 11 sanctions is **DENIED**. Defendant's motion to dismiss is otherwise **GRANTED**, and the Complaint is **DISMISSED** *with prejudice*. An appropriate Order follows.

Date: June 30, 2023                                         */s/ Esther Salas*
                                                            **Hon. Esther Salas, U.S.D.J.**